UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

E-DISTRIBUTORS, INC. d/b/a
AUDIOSAVINGS,

               Plaintiff,

      v.

ROBERT WOITKOWSKI a/k/a ROBERT
BLATT,

              Defendant.

**MEMORANDUM & ORDER**
25-CV-02337 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff E-Distributors, Inc. d/b/a Audiosavings brings this action against Defendant

Robert Woitkowski a/k/a Robert Blatt, alleging that, while serving as Plaintiff's marketing

director, Defendant breached his fiduciary duties and misused Plaintiff's confidential business

information.  *See* ECF No. 1 (Complaint).[1]  Defendant moves to dismiss Plaintiff's Complaint

for failure to join indispensable parties under Rule 19, and further moves for partial dismissal for

failure to state a claim pursuant to Rule 12(b)(6).[2]  *See* ECF No. 23 (Motion to Dismiss).  For the

reasons set forth below, Defendant's motion is GRANTED in part and DENIED in part.

---

[1]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]    Plaintiff brings sixteen claims in its Complaint.  *See* generally, ECF No. 1.  Defendant
moves to dismiss only Claims One through Seven, and Ten through Sixteen.  *See* ECF No. 23.
Plaintiff's claims alleging conversion and replevin (Claims Eight and Nine, respectively) are
unchallenged.  *See id.*

## BACKGROUND[3]

### I.       Factual Background

Plaintiff is a New York corporation that operates an e-commerce platform and distribution network for audio-related products.  *See* ECF No. 1 ¶¶ 2, 7.  In October 2022, Plaintiff hired Defendant as its marketing director to lead its marketing efforts and build its e-commerce website, on the condition that he relocate to New York.  *See id.* ¶¶ 8–11.  Although Defendant occasionally worked at Plaintiff's New York office, he never relocated to New York during the eighteen months of his employment.  *Id.* ¶¶ 12–13.  Plaintiff further alleges that, at the beginning of his employment, Defendant executed a "Confidential Agreement, Non-Solicitation & Non-Competition Agreement" ("Confidentiality Agreement"), and received a copy of the company's Employee Handbook, both of which require the return of company property and confidential information, and prohibit the misuse of confidential information.  *Id.* ¶ 18.

Plaintiff alleges that Defendant engaged in "a calculated scheme of deception."  ECF No. 25 at 8.  Specifically, it alleges that in early 2023 Defendant persuaded Plaintiff to retain AAF Solutions, LLC ("AAF"), a newly formed entity that he described as an experienced vendor capable of efficiently implementing Plaintiff's confidential business processes.  *See* ECF No. 1 ¶¶ 31–33, 36.  Plaintiff then retained AAF and sent it confidential information.  *Id.* ¶ 35.  Unbeknownst to Plaintiff, however, Defendant had an ownership interest in AAF.  *Id.* ¶ 33.

During the course of his employment, Defendant allegedly emailed Plaintiff's confidential and proprietary information to his personal email address, without authorization, on

---

[3]       The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts."  *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

multiple occasions.  *Id.* ¶ 49–50.  Plaintiff further alleges that, while representing Plaintiff at trade shows, Defendant used his personal email address and withheld the contacts he obtained at those trade shows from Plaintiff.  *Id.* ¶ 53–55.

In March 2024, AAF informed Plaintiff that all ten employees working on Plaintiff's project had quit simultaneously.  *Id.* ¶ 37.  Several days later, Defendant executed Plaintiff's Conflict of Interest Policy ("COIP"), which requires disclosure of any "potential conflict of interest or ethical concern regarding [his] employment" and prohibits him "from using [his] position with [Plaintiff and Plaintiff's] clients, customers, vendors, suppliers, and/or contractors for private gain or to obtain benefits for themselves or members of their family."  *Id.* ¶ 40.  The following month, Defendant voluntarily resigned, but refused, despite repeated demands, to return a company-issued laptop containing Plaintiff's trade secrets and confidential business information.  *Id.* ¶¶ 41, 51–52.

## II.      Procedural Background

On December 30, 2024, Plaintiff filed a complaint against Defendant, AAF, Channing Devane Trick ("Trick"), and John Does 1–10 ("Does 1–10"), asserting the same claims alleged here, except that the earlier action also included a claim for "aiding and abetting fraud."  *See E-Distributors, Inc. d/b/a Audiosavings v. Robert Woitkowski a/k/a Robert Blatt, et al.*, No. 24-cv-08889 ("*E-Distributors I*") (ECF No. 1).  There, Plaintiff invoked diversity jurisdiction, but AAF's citizenship was inadequately pleaded because Plaintiff could not identify the citizenship of AAF's members or any parent entities.  *E-Distributors I*, No. 24-cv-08889, Mar. 7, 2025, Text Order.  In March 2025, the Court dismissed *E-Distributors I* without prejudice for lack of subject matter jurisdiction.  *Id.*

3

The following month, Plaintiff filed this action against Defendant, asserting a nearly identical complaint but omitting AAF, Trick, and Does 1–10. *See* ECF No. 1.[4] The Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is a corporation organized under the laws of the State of New York, with its principal place of business in New York, and Defendant is a citizen of Missouri. *Id.* ¶¶ 2–3. The amount in controversy exceeds $75,000. *Id.* ¶ 5.

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure Rule 19

"Rule 19 recognizes exceptional circumstances in which the plaintiff's choice of parties or forum must give way because of an absent party's interest in the outcome of the action or involvement in the underlying dispute." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013). "Defendants, as the moving party, bear the burden of establishing that joinder of necessary parties is required." *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 311 (E.D.N.Y. 2008) (collecting cases); *Holland v. Fahnestock & Co.*, 210 F.R.D. 487, 495 (S.D.N.Y. 2002) (same). The rule "sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *Id.* "But where the court makes a threshold determination that a

---

[4] As in *E-Distributors I*, Plaintiff seeks more than $1 million in damages and the return of Plaintiff's laptop. *See generally* ECF No. 1. Other than the conversion and replevin claims associated with the laptop (Claim Eight and Claim Nine, respectively), Plaintiff brings claims identical to those in *E-Distributors I*. *Compare*, *E-Distributors I*, No. 24-cv-08889, ECF No. 1, *with* ECF No. 1.

party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, the court must finally determine whether the party is 'indispensable.'" *Id.*  However, "[i]f the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)." *Id.* at 725.

## II.  Federal Rule of Civil Procedure Rule 12(b)(6)

"In order to survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In making this assessment, the court 'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *VR Glob. Partners, L.P. v. Petróleos de Venezuela, S.A.*, No. 24-1176, 2024 WL 4891271, at *2 (2d Cir. Nov. 26, 2024) (quoting *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009)).  But courts need not "accept as true" statements of "legal conclusions" in the complaint, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss under Rule 12(b)(6).  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## III.  Pleading Standard for Fraud Claims

As to claims alleging fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard.  Such claims must "state with particularity the circumstances constituting

fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a complaint must "allege facts that give rise to a strong inference of fraudulent intent." *Berman v. Morgan Keegan & Co.*, 455 F. App'x 92, 95 (2d Cir. 2012) (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995)). Specifically, "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

## DISCUSSION

Plaintiff brings sixteen claims against Defendant: fraud (Claim One); fraudulent inducement (Claim Two); breach of an express contract (Claim Three); breach of an implied contract (Claim Four); breach of the implied covenant of good faith and fair dealing (Claim Five); tortious interference with prospective economic advantage (Claim Six); tortious interference with contract (Claim Seven); conversion (Claim Eight); replevin (Claim Nine); breach of fiduciary duty (Claim Ten); theft of trade secrets (Claim Eleven); misappropriation (Claim Twelve); unfair competition (Claim Thirteen); faithless servant (Claim Fourteen); and misappropriation of trade secrets (Claim Sixteen).[5] The Court addresses each claim below.

### I.      Failure to Join Necessary and Indispensable Parties

Defendant argues that AAF, Trick, and Does 1–10 are necessary parties because, as Plaintiff originally alleged in *E-Distributors I*, they participated in the "scheme to obtain [Plaintiff's] proprietary information" and Plaintiff sued them in *E-Distributors I*. ECF No. 23-1

---

[5]      Plaintiff's Claim Fifteen moves for a permanent injunction, which is not a claim, but a remedy. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action."). The Court therefore does not address Claim Fifteen, but retains the numbering in the Complaint for purposes of discussion in this Order for the sake of clarity.

(Defendant's Memo in Support of his Motion to Dismiss) at 12. In Opposition, Plaintiff applies Rule 19's two-step framework and argues that Defendant has not carried his burden of showing why any of those parties must be joined in this action. *See* ECF No. 25 at 20–21.

In his reply, Defendant fails to respond to Plaintiff's Rule 19-related arguments. *See generally* ECF No. 26 (Defendant's Reply Memo). "By failing to respond to that argument in [his] Reply Memorandum, [Defendant] concedes the point for purposes of [his Motion]." *Vann v. Persico*, No. 20-cv-628, 2022 WL 4368110, at *9 (S.D.N.Y. Sept. 20, 2022) (quoting *Cornelius v. Macy's Retail Holdings, Inc.*, No. 18-cv-678, 2019 WL 11816537, at *2 (W.D.N.Y. Aug. 5, 2019) (collecting cases)); *see also Davis v. Winston Preparatory Sch.*, No. 21-cv-8209, 2025 WL 1795350, at *11 (S.D.N.Y. June 30, 2025) ("Defendants do not address [plaintiff's] . . . argument in their reply brief, and therefore they have effectively conceded the point."). Without responding to Plaintiff's arguments, Defendant has conceded them. *Id.* The Court therefore denies that portion of Defendant's motion relying on Rule 19.

## II.    Fraud Claims

With respect to Plaintiff's fraud-related claims (Claims One and Two), Defendant argues that the Complaint fails to identify, with sufficient specificity, details setting forth the who, what, when, where, and how of the alleged fraud. Specifically, Defendant argues that the Complaint is deficient because it fails to allege how the misrepresentations were "intended to or did impact the Plaintiff," or how Plaintiff "was injured as a result of any purported misrepresentation." *See* ECF No. 23-1 at 13–14.

Under New York law, a fraud claim must allege five elements: "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Loreley Fin. (Jersey)*

7

*No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015).  Similarly, the elements

of fraudulent inducement are:  "(1) a representation of material fact, (2) which was untrue,

(3) which was known to be untrue or made with reckless disregard for the truth, (4) which was

offered to deceive another or induce him to act, and (5) which that other party relied on to its

injury."  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 580 (2d Cir. 2005).

As discussed above, pursuant to Rule 9(b), a plaintiff who alleges a fraud claim "must

state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  In

order to comply with Rule 9(b), a complaint must "set forth the who, what, when, where and

how of the alleged fraud."  *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 511 (S.D.N.Y. 2016).

In addition, a plaintiff must also "allege facts that give rise to a strong inference of fraudulent

intent."  *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 198 (2d Cir. 2013).

A "strong inference" of fraud "may be established . . . by alleging facts to show that defendants

had both motive and opportunity to commit fraud."  *Novak v. Kasaks*, 216 F.3d 300, 307 (2d

Cir. 2000).

Here, Plaintiff meets these heightened pleading requirements.  Plaintiff alleges that, in

January 2023 (the "when"), Defendant (the "who") stated that he had worked with AAF and that

AAF could implement Plaintiff's confidential business processes more effectively, when in fact

AAF was newly established and could not fulfill such promises (the "what").  *See* ECF No. 1

¶¶ 32–34.  Defendant made those statements while working remotely or from Plaintiff's New

York office (the "where").  *See id.* ¶ 13.  Plaintiff further alleges that Defendant never disclosed

to Plaintiff and "deliberately concealed from his superiors that AAF is owned in whole or in part

and/or controlled by [Defendant] and/or his family."  *Id.* ¶ 34.  These statements induced

Plaintiff to enter a business relationship with AAF and transmit proprietary information to AAF,

8

unaware that Defendant controlled the company (the "how"). *Id.* ¶ 35. That Defendant

concealed his ownership in AAF from Plaintiff and convinced Plaintiff to hire AAF gives rise to

a strong inference of fraud. Accordingly, the Court denies Defendant's motion to dismiss Claims

One and Two.

### III.    Contract-Related Claims

Defendant argues that Plaintiff's contract-related claims (Claims Three, Four, Five, Six,

and Seven) fail because the Complaint does not identify which agreement Defendant allegedly

breached, such that it "lacks sufficient specificity to permit a response." *See* ECF No. 23-1 at

14–16; ECF No. 26 (Defendant's Reply) at 5. Plaintiff responds that contracts between the

parties exist, and that Defendant ignores the "specific contractual references contained

throughout the Complaint." ECF No. 25 at 13. The referenced contracts are the Confidentiality

Agreement, ECF No. 1 ¶ 16, the Employee Handbook, *id.* ¶ 17, and the COIP, *id.* ¶ 39. With

respect to these claims, the Court agrees with Defendant. It addresses each claim in turn.[6]

#### A.    *Breach of an Express Contract (Claim Three)*

With respect to Plaintiff's claim for breach of express contract (Claim Three), under New

York law, "[i]n order to recover from a defendant for breach of contract, a plaintiff must prove,

by a preponderance of the evidence, (1) the existence of a contract between itself and that

---

[6]    As noted above, the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Although the parties do not raise a choice of law issue, the Court applies state law because "where the parties are silent as to the issue of choice of law, 'it is appropriate for the Court to apply New York law—the law of the forum state—to Plaintiff's state-law claims.'" *NYQF Inc. v. Sigue Corp.*, 781 F. Supp. 3d 104, 119 (E.D.N.Y. 2025) (citing *Global Switching Inc. v. Kasper*, No. 06-cv-412, 2006 WL 1800001, at *11 n. 10 (E.D.N.Y. June 29, 2006)); *Herrschaft v. Nat'l Transportation, Inc.*, No. 21-cv-5618, 2023 WL 12056617, at *3 (E.D.N.Y. Aug. 2, 2023) ("[P]laintiffs do not address choice of law in their papers, nor has defendant, by virtue of its default. In similar circumstances, courts in this circuit have applied the law of the forum state where the parties have failed to address the issue and also cited exclusively to the forum state's laws.").

defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).  In pleading these elements, a "plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-cv-00967, 2021 WL 918556, at *22 (S.D.N.Y. Mar. 10, 2021) (quoting *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001)).

However, "a plaintiff is not required to attach a copy of a contract to a complaint that alleges breach of that contract." *NYQF Inc.*, 781 F. Supp. 3d at 119; *see also Daytree at Cortland Square, Inc. v. Walsh*, 332 F. Supp. 3d 610, 637 (E.D.N.Y. 2018).  Instead, all that is required is that the complaint "set forth the terms of the agreement upon which liability is predicated by express reference." *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 322 (E.D.N.Y. 2012).  At the pleading stage, plaintiffs are required to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).  This requires allegations of, "[a]t a minimum, the terms of the contract, each element of the alleged breach and the resultant damages." *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d 335, 337 (E.D.N.Y. 2003).

Here, Plaintiff does not identify the express contractual provisions Defendant allegedly breached.  The Court therefore dismisses the breach of express contract claim without prejudice, with leave to amend to address the deficiencies identified in this Order.  *See* Part VI, *infra*.

### B.    Breach of an Implied Contract (Claim Four)

As to Plaintiff's breach of implied contract claim (Claim Four), Plaintiff has abandoned that claim.  Defendant's motion to dismiss argues that, with respect to Claim Four, Plaintiff

failed to state a claim for which relief can be granted. *See* ECF No. 23-1 at 14. Despite Defendant's argument, Plaintiff does not address the issue in its Opposition. *See* ECF No. 25. "It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." *McGriff v. Keyser*, 2019 WL 6033421, at *12 n.9 (S.D.N.Y. Nov. 13, 2019) (collecting cases); *see also Poulard v. Delphin*, 2024 WL 217766, at *5 (S.D.N.Y. Jan. 19, 2024) (same). Accordingly, because Plaintiff has abandoned its breach of implied contract claim, the claim is dismissed with prejudice.

> C.  *Breach of the Implied Covenant of Good Faith and Fair Dealing (Claim Five)*

Similar to Claim Four, Plaintiff does not address Defendant's argument regarding its claim concerning an alleged breach of the implied covenant of good faith and fair dealing (Claim Five). *See generally* ECF No. 25. The Court therefore deems this claim abandoned and, likewise, dismisses it with prejudice. *See McGriff*, 2019 WL 6033421, at *12 n.9; *Poulard*, 2024 WL 217766, at *5.

Nevertheless, even if this claim were not abandoned, it would be dismissed as duplicative. "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002). "[W]hen a plaintiff claims a breach of the implied covenant of good faith and fair dealing based on the same facts as a breach of contract claim, the claim for the breach of the implied covenant must be dismissed as duplicative of the breach of contract claim." *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017); *L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 434 n.17 (2d Cir. 2011) (dismissing claim for breach of the implied covenant of

11

good faith and fair dealing that stemmed from the same facts as the one for breach of contract as redundant).

Here, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing in Claim Five arises from the same facts as those in Claim Three because both claims stem from Defendant's alleged theft of Plaintiff's confidential information.  *Compare* ECF No. 1 at ¶¶ 79–85 (alleging Defendant breached confidentiality and non-disclosure provisions by retaining Plaintiff's laptop and misappropriating Plaintiff's confidential information), *with id.* ¶¶ at 93–98 (alleging Defendant breached an implied covenant of good faith and fair dealing by acting in "a manner" that breached the contract between the parties, *i.e.*, retaining Plaintiff's laptop and misappropriating Plaintiff's confidential information).  Because Plaintiff's claim for breach of the implied covenant of good faith and fair dealing does not arise from any independent duty that is separate from those Defendant owed under the alleged contracts, *i.e.*, the Confidentiality Agreement, the Employee Handbook, and the COIP, Claim Five is duplicative of Claim Three. Accordingly, the Court dismisses Claim Five for the additional reason that it is duplicative of Plaintiff's breach of express contract claim (Claim Three).  *See Negrete v. Citibank, N.A.*, 759 F. App'x 42, 47 (2d Cir. 2019) (affirming dismissal of claim for breach of the covenant of good faith and fair dealing as duplicative of a claim for breach of contract that arose from the same facts); *see also Katz v. Esurance Prop. & Cas. Ins. Co.*, No. 24-cv-955, 2025 WL 750937, at *8 (E.D.N.Y. Mar. 10, 2025).

        D.      *Tortious Inference with Prospective Economic Advantage (Claim Six)*

Plaintiff next claims that Defendant is liable for tortious interference with prospective economic advantage (Claim Six).  In New York, a claim for tortious interference with prospective economic advantage must allege that:  (1) a business relationship between plaintiff and a third party existed; (2) defendant knew of that relationship and intentionally interfered with

it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006). A tortious interference with prospective economic advantage claim is "very difficult to sustain," *Kramer v. Pollock-Krasner Found.,* 890 F. Supp. 250, 258 (S.D.N.Y. 1995), and Plaintiff must specify "some *particular, existing* business relationship through which [it] would have done business but for the allegedly tortious behavior," *Emamian v. Rockefeller University*, No. 07-cv-3919, 2008 WL 4443824, at *7 (S.D.N.Y. Sept. 25, 2008) (emphasis added).

Here, Plaintiff fails to allege any particular business relationship with a third party or any act of Defendant that interfered with those relationships. Plaintiff alleges that it has business relationships with third-party vendors and/or customers, and Defendant "knowingly and intentionally interfered with" those relationships. ECF No. 1 ¶¶ 100–101. Yet, Plaintiff fails to specify any particular third-party vendors or customers with whom it maintained a business relationship. Therefore, Plaintiff has failed to plausibly allege an existing business relationship. *See Emamian*, 2008 WL 4443824, at *7 (finding that the plaintiff failed to allege an existing business relationship when the plaintiff failed to identify any specific third parties). Because Plaintiff has failed to plausibly state a claim for which relief can be granted, Claim Six is dismissed without prejudice, with leave to amend to address the deficiencies identified in this Order. *See* Part VI, *infra*.

### E.    Tortious Interference with Contract (Claim Seven)

Similar to Plaintiff's claims regarding breach of an implied contract and breach of the implied covenant of good faith and fair dealing, the Court deems Plaintiff's claim alleging tortious interference with a contract (Claim Seven) abandoned because Plaintiff does not address the issue in its Opposition. Accordingly, this claim is dismissed with prejudice. *See McGriff*,

13

2019 WL 6033421, at *12 n.9; *Poulard*, 2024 WL 217766, at *5.  Still, even if Plaintiff had not

abandoned this claim, it would fail.  "A claim for tortious interference under New York law

requires 'the existence of a valid contract between plaintiff and a third party, defendant's

knowledge of the contract, defendant's intentional procurement of the third-party's breach of the

contract without justification, actual breach of the contract, and damages resulting therefrom.'"

*Multi-Juice, S.A. v. Snapple Beverage Corp.*, No. 02-cv-4635, 2003 WL 1961636, at *5

(S.D.N.Y. Apr. 25, 2003) (quoting *Lama Holding Co. v. Smith Barney Inc. et. al.*, 88 N.Y.2d

413, 424 (N.Y. 1996)).  Plaintiff not only fails to satisfy these elements, but also fails to state a

plausible claim because "[a] party cannot be liable for tortious interference with its own contract

and the only remedy against it is for breach of contract."  *Town of Greenburgh v. Spectraserv,*

*Inc.*, No. 07-cv-6966, 2010 WL 11712813, at *11 (S.D.N.Y. Apr. 7, 2010).

Here, in its own words, Plaintiff alleges Defendant interfered with "the contractual

relationship *between Plaintiff and itself*."  ECF No. 1 ¶ 107 (emphasis added).  Defendant cannot

be liable for such conduct because Defendant is alleged to be a party to the relevant contracts.

*See Town of Greenburgh*, 2010 WL 11712813, at *11; *see also Koret, Inc. v. Christian Dior,*

*S.A.*, 161 A.D.2d 156, 157 (1st Dep't 1990) ("It is well established that only a stranger to a

contract, such as a third party, can be liable for tortious interference with a contract.").

## IV.  Breach of Fiduciary Duty Claims

In addition to its contract-based claims, Plaintiff also brings a claim alleging that

Defendant breached his fiduciary duties and a claim that he breached the faithless servant

doctrine (Claims Ten and Fourteen, respectively).  To state a cause of action to recover damages

for breach of fiduciary duty, a plaintiff must allege: "(1) the existence of a fiduciary relationship,

(2) misconduct by the defendant, and (3) damages directly caused by the defendant's

14

misconduct." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020). "Under New York law, a director or officer of a corporation owes a fiduciary duty to the corporation." *Gully v. Nat'l Credit Union Admin. Bd.*, 341 F.3d 155, 165 (2d Cir. 2003). "A corporate officer's fiduciary duty includes discharging corporate responsibilities in good faith and with conscientious fairness, morality and honesty in purpose and displaying good and prudent management of the corporation." *Id.*

New York's faithless servant doctrine holds that "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary." *Yukos Cap. S.A.R.L.*, 977 F.3d at 229 (quoting *Feiger v. Iral Jewelry, Ltd.*, 41 N.Y.2d 928, 928, (1977)). A claim of breach of fiduciary duty is "essentially the same as a violation of the faithless servant doctrine except that under the faithless servant doctrine, the employer need not show that the employee caused damages." *Roytlender v. D. Malek Realty, LLC*, No. 21-cv-00052, 2024 WL 3566998, at *12 (E.D.N.Y. July 29, 2024).

The Court finds that the Complaint has sufficiently pled the necessary elements to establish both claims. Defendant, as Plaintiff's marketing director, owed Plaintiff fiduciary duties of loyalty and care. Defendant breached his fiduciary duties by concealing his ownership in AAF from Plaintiff, diverting business from Plaintiff to AAF, misappropriating Plaintiff's confidential information, and retaining Plaintiff's property after his resignation. *See* ECF No. 1 ¶¶ 31–36, 49–51, 119; *Lapp Insulators LLC v. Gemignani*, No. 09-cv-0694A, 2011 WL 1198648, at *11 (W.D.N.Y. Mar. 9, 2011), *adopted sub nom Lapp Insulators LLC v. Femignani*, 2011 WL 1213090 (W.D.N.Y. Mar. 29, 2011) (finding the complaint states a breach of fiduciary duty claim when the defendant, the plaintiff's employee, misappropriated its trade secrets and

confidential information).  Although the Complaint does not specify the damages, the amount that Plaintiff paid Defendant in compensation during his alleged faithless period is at least part of Plaintiff's damages.  *See Yukos Cap. S.A.R.L.*, 977 F.3d at 241 ("When a principal seeks to recover compensation from an unfaithful servant, the principal need not allege damage other than the compensation it paid the servant to satisfy the 'damage' element of a claim for breach of fiduciary duty under New York law."); *see also City of Binghamton v. Whalen*, 32 N.Y.S.3d 727, 728–30 (2016) (explaining that the "amount of damages" for the plaintiff's "action sounding in breach of fiduciary duty" was the amount plaintiff "paid defendant . . . in compensation").

Here, Plaintiff has alleged:  (1) Defendant, as a marketing director, owed Plaintiff certain fiduciary duties, "including the duty (i) to act in the best interest of the company, (ii) to refrain from using [Plaintiff] for his own competitive advantage, (iii) not to engage in activities detrimental to [Plaintiff], and (iv) not to misappropriate [Plaintiff's] business and [t]rade [s]ecrets," ECF No. 1 ¶ 118 (the existence of a fiduciary relationship); (2) Defendant breached these fiduciary duties by "misappropriating [Plaintiff] business and [t]rade [s]ecrets, and by setting up a competing business while still in [Plaintiff's] employ," *id.* ¶ 119 (misconduct by Defendant), and (3) Defendant acted as a faithless servant such that Plaintiff is entitled to recover compensation, *id.* ¶ 144 (damages directly caused by the defendant's misconduct).  *See Yukos Cap. S.A.R.L.*, 977 F.3d at 241.  Accordingly, Plaintiff has sufficiently pled its breach of fiduciary duty claims.  Therefore, the Court denies Defendant's motion to dismiss Claims Ten and Fourteen.

## V.     Remaining Claims

With respect to claims related to the theft of trade secrets (Claims Eleven, Twelve, Thirteen, and Sixteen), courts require that plaintiffs plead their trade secrets with sufficient

specificity to inform defendants of what they are alleged to have misappropriated.  18 U.S.C. § 1836(b); *see Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 422 (S.D.N.Y. 2021).  Here, Plaintiff has alleged possession of trade secrets in detail, including detailed algorithms, pricing strategies, customer lists, and software code.  ECF No. 1 ¶ 52.  The Court therefore finds Defendant's arguments regarding these claims are without merit and the Court denies his motion to dismiss to the extent it seeks to dismiss Claims Eleven, Twelve, Thirteen, and Sixteen.

## VI.    Leave to Amend

In its Opposition, Plaintiff requests leave to amend "if the Court concludes that any of Plaintiff's claims were inadequately pleaded and must be dismissed."  ECF No. 25 at 21.  The Second Circuit has stated, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).  Nevertheless, "a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated."  *Perri v. Bloomberg*, No. 11-cv-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  In other words, leave to amend may be denied when the amendment would be futile.  *See Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019).  An amendment would be futile if the proposed claim could not withstand a motion to dismiss.  *See F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017).

Plaintiff is granted leave to amend the Complaint with respect to the breach of express contract claim (Claim Three), if it is able to do so, by including the relevant contracts and/or properly alleging the explicit terms of any contract upon which it wishes to base a breach of contract claim.  *See Malmsteen v. Berdon, LLP*, 477 F. Supp. 2d 655, 666 (S.D.N.Y. 2007)

17

(dismissing the breach of contract claim and granting leave to amend the complaint when the plaintiff failed to attach the contract between the parties).

The Court also grants leave to amend the claim for tortious interference with prospective economic advantage (Claim Six).  Plaintiff shall amend its Complaint, if possible, to identify a specific, existing business relationship that Defendant allegedly interfered with.

Because the claims for breach of implied contract (Claim Four), for breach of the implied covenant of good faith and fair dealing (Claim Five), and for tortious interference with contract (Claim Seven) are abandoned, the Court dismisses these claims with prejudice and denies leave to amend.  *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 470 (E.D.N.Y. 2015) (dismissing claims with prejudice after plaintiff abandoned them).

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 1, is GRANTED in part and DENIED in part.  Specifically:

- Defendant's motion seeking to join  AAF, Trick, and Does 1–10 as indispensable under Rule 19 is DENIED.

- Plaintiff's fraud-based claims (Claims One and Two) survive.

- Claim Three, alleging breach of express contract, is dismissed without prejudice and with leave to amend.

- Claims Four and Five, alleging breach of implied contract and breach of the implied covenant of good faith and fair dealing, are abandoned and therefore dismissed with prejudice and without leave to amend.

- Claim Six, alleging tortious interference with prospective economic advantage, is dismissed without prejudice and with leave to amend.

- Claim Seven, alleging tortious interference with contract, is abandoned and therefore dismissed with prejudice and without leave to amend.

- Claims Eight and Nine, alleging conversion and replevin of property, are unchallenged and therefore remain in the case.

18

- Claims Ten and Fourteen, alleging breach of fiduciary duty and faithless servant, survive.

- Claims Eleven, Twelve, Thirteen, and Sixteen, related to Plaintiff's allegations that Defendant stole trade secrets, survive.

Should Plaintiff elect to amend its Complaint, it shall file an amended complaint attempting to correct deficiencies identified with respect to Claims Three and Six only, on or before April 20, 2026.  Plaintiff shall include as an exhibit a blackline version, or similar comparison, that shows which portions differ from Plaintiff's current complaint.  *See* Local Civil Rule 15.1.

If Plaintiff amends its Complaint, and Defendant seeks to dismiss any amended claim, Defendant shall file opening papers in support of the motion on or before May 4, 2026.  Plaintiff shall file opposition papers on or before May 18, 2026, and Defendant shall file reply papers on or before June 1, 2026.  The parties' briefs shall be no more than ten double-spaced pages.  Defendant's reply, if any, shall be no more than five double-spaced pages.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 6, 2026

19